UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>SHEENA TAYLOR<br><br>Defendant-Petitioner. | No. 1:18-cr-00076-NONE-BAM-5<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL AND SETTING NEW BRIEFING SCHEDULE<br><br>(Doc. No. 326) |

On October 23, 2020, Sheena Taylor ("petitioner"), a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 ("§ 2255 motion"). Petitioner raises several claims of ineffective assistance of trial counsel under the Sixth Amendment. (Doc. No. 301.) On February 22, 2021, petitioner moved for the appointment of counsel to represent her in these § 2255 proceedings. (Doc. No. 326.) Petitioner states that she "is not educated in law or legal proceedings and does not have the finances to hire an attorney." (*Id*.) She further avers that she is "housed in a facility with restrictions in place due to the coronavirus pandemic" and that "[t]hese restrictions limit [petitioner's] ability to access legal resources." (*Id*.) Those two points constitute petitioner's basis for her request.

There is no constitutional right to appointment of counsel for petitioners making a collateral attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("we

have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). Nevertheless, "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures . . . or if an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citing Rules Governing Section 2255 Proceedings, Rules 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."), 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.")). Appointment of counsel to represent indigent defendants is also required in § 2255 proceedings "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). *See also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (due process requires appointment of counsel "when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel").

Outside of these three mandatory situations, district courts are authorized under 18 U.S.C. § 3006A(a)(2) to appoint counsel in a § 2255 proceeding whenever "the court determines that the interests of justice so require" and the movant is financially eligible. "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding no abuse of discretion where district court denied appointment of counsel in a § 2255 proceeding because "[a]lthough the appellant is over 60 years of age and has no background in the law, he thoroughly presented his issues in the habeas petition and the accompanying memorandum of law"); *Franklin v. United States*, No. SACR 06-0166-DOC, 2014 WL 12691082, at *2 (C.D. Cal. Sept. 16, 2014) (declining to appoint counsel in 2255 proceedings where the petitioner "has demonstrated a good

understanding of the matter at issue on remand and 'the ability to present forcefully and coherently his contentions'") (quoting *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987)); *United States v. Mercado*, No. CR-07-2018-FVS-1, 2011 WL 573377, at *5 (E.D. Wash. Feb. 14, 2011) (denying appointment of counsel where "the defendant has demonstrated the ability to set forth those grounds he thinks justify relief under § 2255" and the parties' filings and record give the court "a reliable basis for assessing the validity of the grounds asserted by the defendant").

Here, the court declines to appoint counsel to assist petitioner with her § 2255 motion at this time. In examining the situations in which appointment of counsel is mandatory, the court finds that none apply to petitioner's case. Appointment of counsel is not necessary for the effective utilization of discovery procedures in this case, and the court does not find, at this time, that an evidentiary hearing is required. Similarly, the relative complexities of petitioner's case are not such that denial of counsel would amount to a denial of due process: petitioner's claims are clearly articulated and grounded in well-established law. Petitioner has presented her case effectively in the papers. "Given the information [s]he has presented … and given the Court's independent review of the record, the Court has a reliable basis for assessing the validity of the grounds" that petitioner has asserted. *Mercado*, 2011 WL 573377, at *5. Petitioner has set forth the grounds she believes warrant relief, such that denial of counsel will not deny her a fair and meaningful hearing. That petitioner believes she may benefit from the assistance of counsel is not enough to appoint one.

Accordingly, for the reasons set forth above, the court DENIES WITHOUT PREJUDICE petitioner's motion (Doc. No. 326), requesting appointment of counsel.

The court further ORDERS that, in light of the request for counsel, the previous briefing schedule (Doc. No. 325), is rescinded and the following revised briefing schedule is issued in its place:

/////

/////

/////

/////

1. The government shall file a response to petitioner's § 2255 motion by July 6, 2021; and

2. Petitioner shall file a reply, if any, no later than September 7, 2021.

IT IS SO ORDERED.

Dated: __**May 21, 2021**__

_____
UNITED STATES DISTRICT JUDGE