UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Respondent,<br><br>  v.<br><br>SHEENA TAYLOR<br><br>  Defendant-Petitioner. | No. 1:18-cr-00076-NONE-BAM-5<br><br>ORDER RE: WAIVER OF ATTORNEY-CLIENT PRIVILEGE<br><br>(Doc. No. 334)<br><br>ORDER SETTING NEW BRIEFING SCHEDULE |

The United States moves for a finding that petitioner Sheena Taylor, as a result of her pending motion filed pursuant to 28 U.S.C. § 2255 (Doc. No. 301), has waived the attorney-client privilege and the work product privilege and that the government is therefore entitled to compelled discovery of responsive attorney-client communications and work product. (Doc. No. 334.) Unless, in accordance with the instructions below, petitioner chooses to withdraw those portions of her § 2255 motion that allege ineffective assistance of counsel, the government's request is GRANTED as follows:

(1) The attorney-client privilege of petitioner Sheena Taylor is waived with respect to all communications between petitioner Sheena Taylor and her former attorney,

1

| | | |
|---|---|---|
| 1 | | Amanda Moran, including Attorney Moran's staff and agents, concerning events |
| 2 | | and facts related to petitioner's claims of ineffective assistance of counsel in |
| 3 | | petitioner's § 2255 motion in *United States v. Sheena Taylor*, No. 1:18-cr-00076- |
| 4 | | NONE-BAM (E.D. Cal.). |
| 5 | (2) | The work product privilege is waived with respect to the work product of Attorney |
| 6 | | Moran, concerning events and facts related to petitioner's claims of ineffective |
| 7 | | assistance of counsel presented in her pending § 2255 motion. |
| 8 | (3) | Attorney Moran, and Attorney Moran's staff and agents if relevant, may provide |
| 9 | | the government with a declaration addressing attorney-client communications and |
| 10 | | work product concerning events and facts related to the ineffective assistance of |
| 11 | | counsel claims presented in petitioner's § 2255 motion, and may communicate and |
| 12 | | coordinate with government counsel to ensure that all issues are adequately |
| 13 | | addressed in the declaration. |
| 14 | (4) | The government shall not use or disclose the privileged material it obtains in this |
| 15 | | habeas action for any purpose or to any party or in any proceeding beyond this |
| 16 | | action. *See Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003). |

ALTERNATIVELY, if in light of the above finding of waiver of these privileges petitioner wishes to change her decision as to whether she wishes to proceed with her pending § 2255 motion asserting ineffective assistance of counsel claims, she must notify this court within **twenty-one (21) days** of the date of this order by withdrawing the allegations concerning ineffective assistance of counsel in her pending motion. Petitioner's failure to do so within the time provided will be deemed by the court to be a confirmation of the alternative portion of this order finding petitioner's waiver of the attorney client and work product privileges.

FURTHER, the revised briefing schedule in this matter (Doc. No. 330) states that the government's response to the pending § 2255 motion shall be filed by July 6, 2021. However, in light of this order and the time provided to petitioner to respond to it, the court rescinds its previous revised briefing schedule, VACATES the dates in it, and resets them as follows.

/////

The court ORDERS that the following revised briefing schedule is issued:

1. The government shall file a response to petitioner's § 2255 motion by <u>August 16, 2021</u>; and

2. Petitioner shall file a reply, if any, no later than <u>October 15, 2021</u>.

IT IS SO ORDERED.

Dated: **July 7, 2021**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE