**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff-Respondent,<br><br>v.<br><br>SHEENA TAYLOR,<br><br>　　　　　　Defendant-Movant. | Case No. 1:18-CR-00076 JLT BAM<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255 FOLLOWING EVIDENTIARY HEARING<br><br>(Doc. 301) |

Sheena Taylor filed a motion to vacate, set aside, or correct her 150-month sentence under 28 U.S.C. § 2255. (Doc. 301.) The Court previously denied Grounds One, Two, Three, and Four. (Doc. 374.) The remaining claim is an ineffective assistance of counsel claim regarding whether she requested that her attorney, Ms. Moran[1], file a notice of appeal. For the reasons set forth below, the Court **DENIES** the motion as to Ground Five.

## I. BACKGROUND[2]

The Court held an evidentiary hearing at which Ms. Moran testified. At the hearing, Ms. Moran testified consistently with her declaration (Doc. 358 at 48-63), which was filed with the

---

[1] Movant was represented by two attorneys: Ms. Moran and Ms. Kinder. (Doc. 301 at 13.) Movant's motion focuses her ineffective assistance of counsel allegations against Ms. Moran. (*Id*. at 13-16.) Ms. Moran acted as primary counsel for Movant in this case. (Doc. 358 at 48.) Ms. Kinder conducted the initial intake interview with Movant but otherwise had little involvement in the case. (*Id.* at 74-75.)

[2] The Court set forth the facts and standards related to Mr. Taylor's petition in its order denying her claims one through four. (Doc. 374) Thus, it does not repeat that here.

1

government's opposition. Ms. Moran testified that she has been practicing since 2016. Moran has represented criminal defendants in about 15 federal cases and 300 state court cases. Before she was retained by Taylor, she had represented six defendants in federal court.

During her representation of Taylor, Taylor expressed to Moran that she did not wish to go to trial and wanted to enter into a plea agreement that provided her the "best" possible sentence. Moran worked with the assigned Assistant United States Attorney to obtain the plea agreement Taylor accepted and negotiated a "5K agreement," which further reduced the sentence sought by the government. Before Taylor signed the plea agreement, Moran took it to the jail and met with Taylor. They went over the entire agreement after Taylor read the document. They discussed the waiver of appeal and it appeared to Moran that Taylor understood the implications of the waiver. Moran explained to her that if Taylor appealed, this would allow the government to re-file the second federal case, which it had dismissed in connection with Taylor's plea. To Moran, it appeared that Taylor understood this. At the time of the change-of-plea hearing, Moran recalled that the Court asked Taylor about the appellate waiver provision, and Taylor admitted to the Court that she understood she was waiving her right to appeal.

Moran testified that at no time after the sentencing hearing, did Taylor talk about an appeal or tell Moran to file a notice of appeal. Moran testified that the first she heard about Taylor wanting to appeal, was after Taylor filed the instant petition. Moran testified that the only time Taylor spoke about or requested an appeal was related to the magistrate judge's detention determination made in May 2018. She asked to appeal that decision in September 2018 when she retained Moran.[3] At that time, Moran reviewed the file and determined that the time to appeal this detention decision had long passed and Moran's colleague met with Taylor and explained this to

---

[3] The Court concludes that the letter dated October 22, 2019, which asks, "Don't we still need to appeal my violation before pretrial? The one where it was just 'opinion' the test was dirty or using?" (Doc. 358 at 167) Notably, the Second Amended Pretrial Release Violation Petition filed on May 29, 2018 indicated that, "On May 29, 2018, Pretrial Services received an Opinion Letter from the director of Alere Toxicology indicating it is her opinion, based on the information provided that Ms. Taylor reused marijuana prior to each of the collections listed: April 26, 2018; May 10, 2018; and May 15, 2018." (Doc. 82 at 1) It makes no sense that the October 22, 2019 letter refers to her sentencing hearing, because whether she had tested positive for drug use was not at issue.

2

her.

Moran testified further that her office received a letter from Taylor, dated January 2, 2020, in which Taylor asked for "writ of habeas information." (Doc. 358 at 154-155) Moran noted that a staff member gathered a thick stack of information for Taylor addressing this issue and other issues Taylor inquired about but, because Moran was no longer contracted with Taylor to provide additional services, Moran's employee wrote to Taylor and told her that someone had to pick up the materials or Taylor had to provide a stamped envelope so they could be mailed. Moran testified that Taylor did neither. For her part, in her petition, Taylor claims that she was upset by the sentence imposed and told Ms. Moran that she wanted to appeal. (301 at 15) She did not testify at the hearing.

While listening to and watching Moran's testimony, the Court found her to be credible. Moran had no reason to lie about her actions during her representation of Taylor. Moran obtained a very favorable outcome for Taylor, despite the length of her sentence. Even still, the Court has no doubt that had Taylor requested that Moran file an appeal, Moran would have strongly cautioned Taylor against taking this action but would have filed the notice of appeal if that was Taylor's decision.

On the other hand, because Ms. Taylor chose not to testify, the Court is forced to evaluate the testimony of Ms. Moran against only that which Ms. Taylor has written. The Court has already found that Ms. Moran's recollection of the events does not coincide with the transcripts from the change-of-plea hearing and the sentencing hearing. Moreover, there is a lot at stake for Ms. Taylor. She has been incarcerated for a long time and has a very long time still to serve. Because the Court finds that Ms. Moran accurately recited the facts which are consistent with these transcripts and because her testimony was highly credible, the Court finds that Ms. Taylor did not ask or tell Ms. Moran to file a notice of appeal. Consequently, Claim 5 is **DENIED**.

## II.   Certificate of Appealability

A defendant must obtain a certificate of appealability to appeal from the denial or dismissal of her § 2255 motion. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). When a court denies claims in a § 2255 motion on the merits, a certificate of appealability may issue only if the

defendant made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth above, the Court concludes that Movant did not make a substantial showing of the denial of a constitutional right. Furthermore, reasonable jurists would not find debatable the Court's assessment of Movant's ineffective assistance of counsel claim under Ground Five. Accordingly, the Court declines to issue a certificate of appealability as to this ground.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Movant has not sufficiently demonstrated ineffective assistance of counsel claims on Ground Five and **ORDERS:**

1. Movant's § 2255 motion (Doc. 301) on Ground Five is **DENIED**.
2. The Court **DECLINES** to issue a Certificate of Appealability as to Ground Five.

IT IS SO ORDERED.

Dated:    **January 23, 2024**

UNITED STATES DISTRICT JUDGE

4