UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>SHEENA TAYLOR,<br><br>            Defendant. | Case No.: 1:18-cr-00076 JLT BAM<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR SENTENCE REDUCTION AND/OR CORRECTION<br><br>(Docs. 432, 433) |

Sheena Taylor is a federal prisoner moving for a sentence reduction pursuant to a 2024 amendment to Section 2D1.1 of the United States Sentencing Guidelines, which the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(2) and Amendment 821. (*See* Docs. 432-434.) The Government filed an opposition to the motion, arguing Defendant is ineligible for a sentence reduction under both amendments. (*See* Doc. 438.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

**I.      Background**

Defendant pled guilty to conspiracy to distribute and possession with intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Docs. 133, 135.) In advance of sentencing, the probation officer filed a Presentence Investigation Report. (PSR, Doc. 182.) The PSR assigned a base offense level of 36 pursuant to U.S.S.G. § 2D1.1(c)(2) because her offense

involved a converted drug weight of 41,676.70 kilograms. (PSR ¶ 25.)[1] It also added a two-level enhancement under § 2D1.1(b)(1) because a firearm was located at Defendant's residence. (PSR ¶ 26.) Finally, the offense level was decreased by three levels pursuant to §§ 3E1.1(a) and (b) based on Defendant's acceptance of responsibility, for a total offense level of 35. (*See* PSR ¶¶ 32-34.) Defendant was assessed 9 criminal history points based on multiple prior convictions and received no status points under the prior U.S.S.G. § 4A1.1(d). (*See* PSR ¶¶ 36-48.) This placed her in criminal history category IV and resulted in an advisory sentencing guideline range of 235 to 293 months. (PSR ¶¶ 49, 80.) Defendant's offense carries a statutory mandatory minimum term of 120 months. (PSR ¶ 79 (citing 21 U.S.C. § 841(b)(1)(A).)

At the sentencing hearing, the Court adopted the findings in the PSR without change and granted a downward departure for the reasons set forth in Section V of the Statement of Reasons. (*See* Statement of Reasons at 1-2.) The Court sentenced her to 150 months in custody followed by 60 months of supervised release. (Doc. 229 at 2-3.)

## II.     Legal Standard

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The relevant policy statement applicable to § 3582(c)(2) provides:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

---

[1] The Drug Quantity Table set forth in subsection(c) specifies a base offense level of 36 if the offense involves at least 30,000 kilograms but less than 90,000 kilograms of Converted Drug Weight. U.S.S.G. § 2D1.1(c)(2).

>   (A) none of the amendments listed in subsection (d) is applicable to the defendant; or
>   (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2) (2023).

As such, district courts conduct a "two-step inquiry" to determine whether to grant relief under § 3582(c)(2). *Dillon*, 560 U.S. at 826. First, the court must "'determine[s] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). "In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1) (2023).[2] If a defendant is found "eligible" under the first step, the court then considers the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine whether, in its discretion, "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

### III.   Analysis

#### A.   U.S.S.G. § 2D1.1

Defendant seeks a "correction" of her sentence based on the "retroactive application" of the 2024 Amendment to Part D (Enhanced Penalties for Drug Offenders) of U.S.S.G. § 2D1.1. (Doc. 432 at 1.) She claims she "should have received [a] zero point enhancement" under Part D, which, if applied now, would decrease her sentence from 150 months to 75 months. (*Id.*)

Other district courts have recently considered similar motions to Defendant's. For instance, in *United States v. Gross*, 2024 WL 5119969 (D.S.D. Dec. 16, 2024), defendant Gross also asserted that she should have received a "zero-point enhancement" and that after applying Part D, her sentence should be decreased from 140 months to 70 months. *See id.*, at *5. The court explained:

---

[2] The "covered" amendments listed in subsection (d) include: "126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2))." U.S.S.G. § 1B1.10(d).

>    Section 2D1.1 is the guideline section for unlawful manufacturing, importing, exporting, or trafficking of controlled substances, including attempt and conspiracy offenses. *See* U.S.S.G. § 2D1.1. The United States Sentencing Commission recently promulgated amendments to the sentencing guidelines, effective November 1, 2024. *See Amendments to the Sentencing Guidelines*, U.S. Sent. Comm'n, Nov. 1, 2024, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202405_Amendments.pdf. The Commission included a miscellaneous amendment, Part D, that concerns enhanced penalties for drug offenders. *Id.* at 17-21. The amendment is explained, in pertinent part, as follows:
>
>    Part D of the amendment clarifies that the alternative enhanced base offense levels at § 2D1.1 ... are based on the offense of conviction, not relevant conduct. Sections 841 and 960 of title 21, United States Code, contain crimes with mandatory minimum penalties for defendants whose instant offense resulted in death or serious bodily injury and crimes with mandatory minimum penalties for defendants with the combination of both an offense resulting in death or serious bodily injury and prior convictions for certain specified offenses. The Commission received public comment and testimony that it was unclear whether the Commission intended for §§ 2D1.1(a)(1)–(a)(4) to apply only when the defendant was convicted of one of these crimes or whenever a defendant meets the applicable requirements based on relevant conduct. The amendment resolves the issue by amending §§ 2D1.1(a)(1)–(4) to clarify that the base offense levels in those provisions apply only when the individual is convicted of an offense under sections 841(b) or 960(b) to which the applicable enhanced statutory mandatory minimum term of imprisonment applies, or when the parties have stipulated to: (i) such an offense for purposes of calculating the guideline range under § 1B1.2 (Applicable Guidelines); or (ii) such base offense level. *Id.* at 23.

*Id.*, at **5-6.

In considering Gross's eligibility for relief, the court noted that she was assigned a base offense level of 32 under U.S.S.G. § 2D1.1(a)(5) and concluded that because "the Part D Amendment to § 2D1.1 applies to sentencing calculations considered under §§ 2D1.1(a)(1)-(4)," it did not apply under Gross's circumstances. *Gross*, 2024 WL 5119969, at *6.

Following *Gross*, the court in *United States v. Nishida*, 2025 WL 814985 (D. Haw. Mar. 12, 2025), also found that the defendant was not eligible for a sentence "correction" because her base offense level "was calculated pursuant to Section 2D1.1(a)(5), which was not altered by Part D's amendment." *Id.*, at *3 (citing *Gross*, 2024 WL 5119969, at *6).

Similarly, the Part D Amendment to § 2D1.1 does not apply in this case. As indicated above, Defendant's offense level was calculated pursuant to U.S.S.G. §§ 2D1.1(c)(2) and (b)(1), neither of which were altered by Part D's amendment. *Nishida*, 2025 WL 814985, at *3; *Gross*, 2024 WL

4

5119969, at *6. Because the Part D Amendment to § 2D1.1 "do[es] not lower Defendant's sentencing guideline or mandatory statutory minimum of 120 months imprisonment," Defendant is ineligible for relief under this amendment. *See* 18 U.S.C. § 3582(c)(2); *Dillon*, 560 U.S. at 827. Thus, Defendant's motion for a sentence correction under Part D of U.S.S.G. § 2D1.1 (Doc. 432) is **DENIED**.[3]

### B.    U.S.S.G. § 4A1.1(e) - Amendment 821, Part A

Effective November 1, 2023, the Commission amended two provisions of the Sentencing Guidelines—"parts A and B, subpart 1"—which applied retroactively. *See* U.S.S.G. § 1B1.10(d) (2023) ("Amendment 821"); *see also* U.S.S.G. § 1B1.10(e)(2). Part A of Amendment 821 amended § 4A1.1(e) "to limit the overall criminal history impact of 'status points' (i.e., the additional criminal history points given to defendants for the fact of having committed the instant offense while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status)." *See* U.S.S.G. § 1B1.10, cmt. n.7.

Defendant claims she is eligible for a sentence reduction under Part A because two status points "were included in [her] calculation at the time of sentencing." (Doc. 433 [sealed] at 1-2.) As the Government notes, however, "Defendant did not receive any status points in the first instance." (Doc. 438 at 5.) As indicated in the PSR, Defendant's criminal history score consisted entirely of points assigned based on her prior convictions. (*See* PSR ¶¶ 47-48.) Because Amendment 821 likewise does not lower Defendant's sentencing guidelines, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the amended "status point" provision of Amendment 821.[4] The Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827. To this extent, Defendant's motion for a sentence reduction pursuant to Amendment 821, (Doc. 433), is **DENIED**.

## IV.    Conclusion

Based upon the foregoing, Defendant's motions for a sentence reduction and/or correction

---

[3] Based on this conclusion, the Court need not reach the Government's argument related to the retroactivity of § 2D1.1's 2024 amendments. (Doc. 438 at 4.)

[4] Part B, subpart 1 of Amendment 821 includes what now appears in U.S.S.G. § 4C1.1 as the "zero-point offender" provision, which provides a two-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a). Because Defendant also references Part B, subpart 1, (*see* Doc. 433 at 1), the Court clarifies that she is also ineligible for relief under this provision, as she was assigned 9 criminal history points. (*See* PSR ¶ 48.)

(Docs. 432, 433), are **DENIED**.

IT IS SO ORDERED.

   Dated:   **May 16, 2025**

*[signature]*
UNITED STATES DISTRICT JUDGE